**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL MARTINEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>C. RIOS, et al.,<br><br>    Defendants. | No.  2:17-CV-2445-JAM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendants' unopposed motion to dismiss. ECF No. 27. Defendants move to dismiss Plaintiff's first amendment complaint. Id. The "amended complaint," however, is insufficient as a pleading. The Court thus strikes the submission and grants Plaintiff 30 days to file an amended complaint. The Court strikes Defendants' motion to dismiss.

**I. PROCEDURAL HISTORY**

In his original complaint, Plaintiff named as Defendants (1) C. Rios; (2) R. Cisneros; and (3) Lt. Davidge. ECF No. 1. Plaintiff alleged that Defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution. See id. at 3–4. He variously contends that Defendants, for retaliatory purposes, conspired to falsely validate him as a member of a prison gang. See id.  Defendants moved to dismiss the original complaint. See ECF No. 15.

Defendants argued that Plaintiff failed to state any valid First Amendment retaliation claim. See id. Defendants' motion to dismiss did not present any argument regarding Defendant Cisneros. See id.

The Court agreed that Plaintiff's original complaint generally failed to state First Amendment retaliation and Fourteenth Amendment due process claims. ECF No. 18 at 5–8. The court summarizes its recommendations below.

First, the Court concluded that Plaintiff did not state a First Amendment retaliation claim against Defendant Rios. Id. at 5–7. Plaintiff did not satisfactorily contend that Rios initiated an investigation into Plaintiff's gang affiliation because Plaintiff was engaged in protected activity. See id. at 6–7. Such an allegation is required to state a First Amendment retaliation claim. Id. at 5. The Court concluded that Plaintiff's allegations of retaliation against Cisneros, which Defendants' initial motion to dismiss did not challenge, sufficiently stated a First Amendment Claim. Id. at 7.

Second, the Court then determined that Plaintiff had not stated any due process claim against any Defendant. Id. at 7–8. The Court recognized that alterations in a prisoners' confinement and fraudulent classifications of prisoners as members of a "security threat group" (e.g., a prison gang) may give rise to due process claims. Id. But the Court found that Plaintiff had failed to allege facts explaining how classification as a member of a street gang adversely affected his liberty interests as required to state a due process claim. Id. Plaintiff had not adequately alleged any injury or deprivation. Id.

Accordingly, the Court recommended that the District Judge assigned to this case grant Defendants motion to dismiss. The Court recommended that Plaintiff be given leave to amend his retaliation claims against Defendant Rios and his due process claims against all Defendants. Because Plaintiff stated a claim against Defendant Cisneros, the Court admonished Plaintiff that failure to amend his complaint would result in all of his claims *except* those against Cisneros.

The District Judge adopted the undersigned's recommendations See ECF No. 19. Plaintiff, in response to the District Judge's grant of a leave to amend, filed a document entitled "amendments to retaliation claims." ECF No. 23. He did not file a new, complete complaint. Plaintiff's "amendments," for instance, do not discuss Cisneros. Several facts from the original complaint are not included in the amendments.

## II. DISCUSSION

Plaintiff's new submission is incomplete. See id. He appears to have thought the "amendments" would simply be tacked on to his original complaint. This is not so. See L.R. 220. Generally, an amended complaint supersedes the original complaint. E.g., Lacey v. Maricopa County, 693 F.3d 896, 907 n.1, 927 (9th Cir. 2012); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010). The Eastern District of California's Local Rules require that an amended pleading be "complete in itself without reference to the prior or superseded pleading." L.R. 220. Once an amended complaint is filed, the prior complaint typically ceases to serve any function. See, e.g., Rhodes, 621 F.3d at 1005. In an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be alleged in sufficient detail. See, e.g., White v. Pfeiffer, No. 1:19-cv-01786-NONE-GSA-PC, 2021 WL 736246, at *8 (E.D. Cal. Feb. 25, 2021). The Court cannot refer to a prior pleading to make an amended complaint complete. See, e.g., L.R. 220; see also Singh v. USCIS, No. 2:18-cv-2929 JAM DB PS, 2020 WL 5110356, at *1, 4 (E.D. Cal. Aug. 31, 2020) (discussing pleading standards and stating courts may not refer back to a prior complaint). Any claims not realleged in a new complaint are waived. See, e.g., Lacey, 693 F.3d at 925; Smith v. Aubuchon, No. 2:14-cv-0775-KJM-DMC-P, 2019 WL 337187, at *1 (E.D. Cal. Jan. 25, 2019).

The Court concludes that Plaintiff's new submission is insufficient as a pleading. Plaintiff is not bound by the facts included in the original complaint, and if Plaintiff chooses to exclude Defendant Cisneros in a new complaint then he may permissibly do so. But his complaint is lacking in form and substance and, as noted, it appears that Plaintiff did not believe he needed to file a self-contained pleading.

The Court, however, did not previously admonish Plaintiff that amended pleadings must be complete in themselves. See, e.g., L.R. 220; ECF No. 18. Because the Court did not inform Plaintiff that amended complaints supersede prior complaints, the Court will grant Plaintiff an opportunity to file an amended pleading complete in itself without reference to any prior complaint. The Court will strike Plaintiff's "amendment to retaliation claims" and Defendants' motion to dismiss pending new filings.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "amendments to retaliation claims" (ECF NO. 23) is stricken;

2. Defendants' motion to dismiss (ECF No. 27) is stricken;

3. Plaintiff may file a first amended complaint within 30 days of the date of service of this order;

4. Plaintiff be advised that the failure to file a first amended complaint within the time provided may result in dismissal of all claims except his retaliation claim against Defendant Cisneros as alleged in the original complaint; and

5. Defendants' response to Plaintiff's first amended complaint will be due within 30 days of the date of service thereof.

Dated:  March 11, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE