1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MIGUEL MARTINEZ,                        No.  2:17-CV-2445-JAM-DMC-P

12              Plaintiff,

13        v.                                 <u>FINDINGS AND RECCOMMENDATIONS</u>

14   R. CISNEROS,

15              Defendant.

16

17        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Defendant Cisneros's unopposed motion to

19   dismiss, ECF No. 34.

20        In considering a motion to dismiss, the Court must accept all allegations of

21   material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

22   Court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer</u>

23   <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

24   738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

25   ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>,

26   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

27   factual allegations, need not be accepted.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

28   In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

1   See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

3   of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

4   notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

5   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

6   to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

7   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

8   allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The

9   complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at

10  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

13  it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

14  Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

15  defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

16  to relief." Id. (quoting Twombly, 550 U.S. at 557).

17         In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

18  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

19  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

20  documents whose contents are alleged in or attached to the complaint and whose authenticity no

21  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

22  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

23  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

24  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

25  1994).

26         Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

27  amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

28  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

2

# I. BACKGROUND

Plaintiff originally sued three defendants:  (1) C. Rios; (2) R. Cisneros; and (3) Davidge.  ECF No. 1.  Defendant Cisneros originally moved to dismiss Plaintiff's retaliation claim on January 21, 2020.  ECF No. 21.  However, on March 30, 2020, Plaintiff filed an amended complaint.  ECF No. 24.  Defendants subsequently filed a motion to dismiss that complaint, but the Court struck Plaintiff's amended complaint and Defendants' motion to dismiss.  See ECF Nos. 27 and 28.  The Court instructed Plaintiff to file an amended complaint or Defendant Rios and Defendant Davidge would be terminated.  ECF No. 28.  Plaintiff did not amend his complaint.  ECF No. 29.  The sole defendant is now Defendant Cisneros, and the operative complaint is the original complaint.  See id.  Defendant Cisneros has now refiled his motion to dismiss the original complaint.  ECF No. 34.

# II. DISCUSSION

Plaintiff alleges that Defendant Cisneros conspired to validate Plaintiff as a member of a security threat group in retaliation for Plaintiff making Cisneros's cousin do paperwork and that the validation served no penological purpose.  See ECF No. 1, pg. 4.  Defendant Cisneros argues that Plaintiff's allegations are "insufficient to state a retaliation claim under the First Amendment because Plaintiff failed to plead sufficient factual content to support an inference that making Cisneros's cousin 'do paperwork' qualified as protected conduct and that Plaintiff's validation chilled the exercise of his First Amendment rights."  ECF No. 34-1, pg. 3.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also

1   show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by

2   the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also

3   Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must

4   establish the following in order to state a claim for retaliation: (1) prison officials took adverse

5   action against the inmate; (2) the adverse action was taken because the inmate engaged in

6   protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the

7   adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

8          For Plaintiff to survive Defendant's motion to dismiss, making Cisneros's cousin

9   "do paperwork" would have to be protected conduct, which it is not.  As Defendant points out,

10  "Cisneros's cousin presumably works at the prison and there are a number of reasons why a

11  prison employee may have to 'do paperwork' because of an inmate's actions that are not

12  protected under the Constitution (e.g., paperwork associated with an incident or rules violate

13  report based on inmate misconduct)."  ECF No. 34-1, pg. 3.  Therefore, Plaintiff's original

14  complaint fails to state a claim against Defendant Cisneros.

15         The Court has no indication of any facts that could be added to Plaintiff's

16  complaint to cure Plaintiff's defect, and Plaintiff has not filed any opposition to Defendant's

17  motion to dismiss to suggest such facts exist.  Because the defect noted above cannot be cured,

18  Plaintiff is not entitled to leave to amend.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4

1

### III. CONCLUSION

2          Based on the foregoing, the undersigned recommends that Defendant's unopposed

3  motion to dismiss, ECF No. 34, be granted and that this action be dismissed in its entirety.

4          These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6  after being served with these findings and recommendations, any party may file written objections

7  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

8  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

9  Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11  Dated:  January 31, 2022

12                                                   _____
                                                     DENNIS M. COTA
13                                                   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28